IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12cv482-WKW |
| ) | |
| HIGHLAND GARDENS SCHOOL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Felicia Gray, proceeding *pro se*, brings this action against Highland Garden School, Montgomery Public Schools, and two teachers.[1] She alleges that her son, L.G., is autistic. She claims that defendants have discriminated against L.G. due to his disability by barring him from participation in school events, disciplining him inappropriately, and failing to stop bullying "from students and educators." Gray claims that the defendant teachers, Richardson and Rogers, subject L.G. to mental cruelty because of complaints Gray has made to the Board of Education. She alleges that, in December 2011, Richardson "got upset" with L.G. and, instead of sending him to the office or to his special education teacher as previously agreed, Richardson sent him to Rogers; plaintiff claims that Rogers "just s[a]t and

---

[1] Plaintiff does not state the legal basis for her claims. Upon consideration of her factual allegations, in which she challenges the actions of teachers and the school district relating to her son's education, the court concludes that plaintiff is asserting a claim pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiff may appear *pro se* in this action to litigate a claim regarding her own right under the IDEA, as a parent, to a "free appropriate public education" for her son. See Winkelman v. Parma City School District, 550 U.S. 516 (2007).

watch[ed]" while L.G. and another student fought, and that L.G. suffered a swollen eye and a cut that left a scar under his left eye. Gray claims that Richardson and Rogers "always isolating [L.G.] when he ask for help with his work" and that his grades are "as low as they ever been." Plaintiff further alleges that the school refused Gray's requests that L.G. be moved to a different class. (See Doc. ## 1, 1-1). Plaintiff demands monetary damages for L.G.'s emotional distress arising from the alleged disability discrimination and for his physical pain and suffering when he was punched in the left eye; she further seeks an order requiring the Montgomery Public Schools to provide computers, books and lessons to her so that she may home-school L.G. (Doc. # 1, ¶ 6).

This matter is presently before the court on defendants' motion to dismiss (Doc. # 15). Upon consideration of the motion and plaintiff's response (Doc. # 16), the court concludes that Gray's claims are due to be dismissed for her failure to exhaust administrative remedies. To the extent that Gray seeks to assert claims on behalf of L.G., the claims should be dismissed with leave to amend through counsel.[2]

Defendants argue that Gray's IDEA claims should be dismissed because she has failed to exhaust administrative remedies and, further, that any claims she asserts on L.G.'s behalf

---

[2] It appears that Gray seeks to assert claims against Richardson and Rogers in their individual capacities. To the extent that Gray intends to sue the individual-capacity teachers for violating Gray's right to a "free and appropriate public education" for L.G., her claims are due to be dismissed either for failure to exhaust or because the teachers are not proper defendants for an IDEA claim. See Dunn-Fisher v. District School Board of Collier County, 2011 WL 4632568, *8 (M.D. Fla. Aug. 30, 2011), *recommendation adopted*, 2011 WL 4632490 (M.D. Fla. Oct. 5, 2011)("[U]nder the IDEA, proper parties include school boards and agencies receiving federal funds who are involved in the provision of special education services, not individuals who are employed by such agencies.").

are due to be dismissed because Gray may not appear *pro se* to prosecute claims seeking to vindicate L.G.'s rights. (Doc. # 15, pp. 3-4). Defendants seek, in the alternative, an order requiring a more definite statement. (Id., pp. 4-5).

In her complaint, plaintiff does not allege that she has exhausted administrative remedies. (Doc. # 1). In her response to the motion to dismiss, she argues that she went through the "chain of command" by meeting with "Mrs. James" and L.G.'s special education teachers and, also, by calling the Board of Education to complain. (Doc. # 16, p. 2). She contends that her allegations set forth her claims adequately and requests that the court appoint an attorney to represent L.G. in this matter. (Id., pp. 3-4, 7).

The allegations of the complaint demonstrate that, to the extent that Gray has a personal cause of action, it arises solely from the IDEA. It is beyond dispute that Gray may not maintain this claim without first exhausting her administrative remedies. See M.T.V. v. DeKalb County School District, 446 F.3d 1153 (11th Cir. 2006). Exhaustion of administrative remedies requires the parent to challenge the Board's failure to provide a "free and appropriate public education" in an impartial due process hearing before an administrative law judge. See id. at 1157; 20 U.S.C. § 1415(f); see also School Board of Lee County, Fla. v. M.M. *ex rel.* M.M, 348 Fed. Appx. 504, 511 (11th Cir. 2009)(unpublished opinion)("[E]xhaustion is a prerequisite to the civil action contemplated by § 1415, and a parent's failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action."). Thus, complaining through the

3

"chain of command" does not constitute exhaustion of administrative remedies under the IDEA. Because she has not exhausted administrative remedies, Gray fails to state an actionable claim under the IDEA and her claim is due to be dismissed pursuant to Fed. R. Civ. P. 12(b )(6). See M.T.V., 446 F.3d at 1156-59 (citing Rule 12(b)(6) standard in affirming district court's dismissal of claims for failure to exhaust IDEA's administrative remedies).[3]

Defendant further contends that Gray may not appear *pro se* in this matter on L.G.'s behalf. The court agrees. See T.P.R. *ex rel.* Patterson-Rudolph v. Montgomery Public Schools, 2010 WL 2489180 (M.D. Ala. May 26, 2010), *recommendation adopted*, 2010 WL 2489054 (M.D. Ala. Jun. 17, 2010). Plaintiff does not argue to the contrary but, within her response to the motion to dismiss, asks that the court appoint counsel to represent L.G. (See Doc. # 16). The court may appoint counsel for indigent civil plaintiffs (see 28 U.S.C. § 1915(e)(1)), but should do so only in exceptional circumstances. Bass v. Perrin, 170 F.3d

---

[3] In N.B. v. Alachua County School Board, 84 F.3d 1376 (11th Cir. 1996), *cert. den.* 519 U.S. 1092 (1997), the Eleventh Circuit adopted the rationale of the district court; the district court had reasoned, *inter alia*, that exhaustion of administrative remedies under the IDEA is not jurisdictional. Id. at 1379; see also Association for Retarded Citizens of Alabama, Inc. v. Teague, 830 F.2d 158, 159-62 (11th Cir. 1987)(affirming summary judgment in favor of Alabama Superintendent of Education due to plaintiffs' failure to exhaust administrative remedies under the Education for All Handicapped Children Act, the predecessor to the IDEA); but see Babicz v. School Board of Broward County, 135 F.3d 1420, 1421 (11th Cir.), *cert. den.* 525 U.S. 816 (1998)(holding that district court properly dismissed IDEA, Rehabilitation Act and ADA claims against Board and official-capacity defendants for lack of subject matter jurisdiction due to parents' failure to exhaust administrative remedies); J.P. v. Cherokee County Board of Education, 218 Fed. Appx. 911, 914 (11th Cir. 2007)(unpublished opinion)("Plaintiffs were required to exhaust administrative remedies before filing this court action. The district court properly dismissed the matter since it lacked subject matter jurisdiction.").

1312 (11th Cir. 1999).  L.G. is a middle school student. (See Johnson aff., Doc. # 23-1, ¶ 4).[4] While the plaintiff's age renders him unable to represent himself in this matter, the circumstances of this particular case do not warrant the appointment of counsel. L.G.'s claims of disability discrimination and his claims of retaliation due to his mother's complaints to the school board are – like Gray's claims – subject to dismissal for failure to exhaust administrative remedies under the IDEA, whether he asserts those claims pursuant to the IDEA, the Americans with Disabilities Act, the Rehabilitation Act, or the Constitution. See 20 U.S.C. § 1415(l); M.M. ex rel. M.M., *supra*, 348 Fed. Appx. at 511-12 ("[W]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, Section 504 or the Constitution, they must first be exhausted in state administrative proceedings.")(citing M.T.V., 446 F.3d at 1158).[5]  In view of the undisputed evidence of record that Gray has failed to exhaust administrative remedies on L.G.'s behalf (see Doc. # 23-1, Johnson aff., ¶ 7), this case does not present exceptional circumstances warranting the appointment of counsel.

---

[4] The court has considered Johnson's affidavit on the issue of appointment of counsel and on the issue of whether Gray should be permitted to amend her own IDEA claims, but not in concluding that Gray's claims are subject to dismissal under Rule 12(b)(6).

[5] Gray alleges physical injury to L.G. in the December 2011 incident at Highland Garden Elementary School.  In her response to the motion to dismiss, Gray clarifies that Rogers had L.G. sit next to a "bully[] who been messing LG" and that the bully "punched L.G. in his left eye[,] while Mrs. Richardson sit and watch." (Doc. # 16, p. 5).  In her response to defendants' later motion, Gray asserts that another boy at L.G.'s new school, Georgia Washington Middle School, has hit L.G. in the eye. (See Doc. # 26). While Gray concludes that these student-inflicted injuries at both schools result from a retaliatory motive on the part of school employees, arising from Gray's previous complaints to the school board, her factual allegations do not suggest such a causal relationship. Gray's allegations and arguments do not support any exception to the exhaustion requirement.

**CONCLUSION**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) defendants' motion to dismiss (Doc. # 15) be GRANTED as to the claims asserted by plaintiff Felicia Gray and that her claims be DISMISSED, without an opportunity to amend her complaint, due to her failure to exhaust administrative remedies;

(2) plaintiffs' motion for appointment of counsel to represent L.G. (included within Doc. # 16) be DENIED;

(3) that defendants' motion for a more definite statement (included in Doc. # 15) be GRANTED as to L.G.'s claims and that L.G. be allowed an opportunity, after any order of the District Judge resolving the matters discussed in this recommendation, to file an amended complaint through counsel;[6] and

(4) that defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment (Doc. # 23) be DENIED as MOOT.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before February 14, 2013. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which

---

[6] The complaint is, as defendants contend, a "shotgun" pleading. Dismissal of L.G.'s claims without an opportunity to amend is not appropriate at this juncture, because it is possible – although not likely, in view of the exhaustion requirement – that an attorney could present a viable claim on L.G.'s behalf.

the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 31st day of January, 2013.

    /s/ Susan Russ Walker
    SUSAN RUSS WALKER
    CHIEF UNITED STATES MAGISTRATE JUDGE